IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CT-3219-D

| | |
|---|---|
| MICHAEL O. COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| ROBERT C. LEWIS, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Plaintiff's motion to compel and for sanctions [DE-77], motion to compel [DE-79], motion for sanctions [DE-82], motion for hearing [DE-83], and motions for court order [DE-89, -101]. Defendants have responded to the first filed motion to compel and for sanctions [DE-78], but failed to respond to the other motions. For the reasons that follow, the motions to compel [DE-77, -79] will be allowed in part and denied in part and the motion for sanctions, motion for hearing, and motions for court order will be denied.

## BACKGROUND

Plaintiff Michael O. Cook ("Plaintiff"), an inmate in the custody of the state of North Carolina, proceeding *pro se*, brought this action against Defendants pursuant to 42 U.S.C. § 1983, alleging a failure to protect resulting in an assault on Plaintiff by another inmate at Pasquotank Correctional Institution. On February 10, 2014, the court found that Cook had sufficiently stated a claim and denied Defendants' motion to dismiss. [DE-44] at 5. The court also granted Plaintiff's motion to preserve evidence and ordered Defendants to preserve (1) a March 15, 2011 video from the time period of 5:30 p.m. to 8:30 p.m. of the location of Unit #2, Dorm 2A; (2) all photographs (approximately four to six) taken of Plaintiff after the assault; and (3) the log book for the entire day

of March 15, 2011. *Id.* at 7. However, the court allowed Defendants to seek a protective order prior to ordering production. *Id.* Defendants filed a motion for protective order, which was allowed in part, and the court ordered Defendants to disclose to Plaintiff all photographs (approximately four to six) taken of Plaintiff after the assault and the log book for the entire day of March 15, 2011, and to arrange for Plaintiff to view the video in question. [DE-67] at 6. Defendants filed a notice of compliance, on May 3, 2014, indicating that Plaintiff was provided with copies of all known photographs (three in number) retained after the alleged incident and the shift narrative for the day in question and that the Plaintiff was allowed to view the available video footage. [DE-75]. Plaintiff also filed several discovery motions [DE-47, -56, -57, 61], which were denied [DE-76]. Potentially dispositive motions were initially due to be filed in this case by no later than April 11, 2014 [DE-45], but the court has allowed Defendants' requests for approximately 60 days of additional time within which to file motions [DE-66, -87, -95, -97, -100, -103]. On June 16, 2014, Defendants filed a motion for summary judgment.

## DISCUSSION

### A. Motion to Compel and for Sanctions [DE-77], Motion for Hearing [DE-83], and Motion for Court Order [DE-89]

Plaintiff contends that Defendants failed to comply with the court's orders (1) to preserve certain evidence [DE-44], specifically a March 15, 2011 video from the time period of 5:30 p.m. to 8:30 p.m. of the location of Unit #2 Dorm 2A, all photographs (approximately four to six) taken of Plaintiff after the assault, and the log book for the entire day of March 15, 2011, and (2) to produce said evidence to Plaintiff by no later than May 1, 2014 [DE-67]. Pl.'s Mot. to Compel [DE-77] at 1-7. Plaintiff also seeks a hearing on the motion, noting that this evidence is vital to his case. [DE-83]. Defendants filed a notice of compliance indicating Plaintiff was provided with "all known

2

retained photographs taken after the incident in question (three in number), and the shift narrative for 15 March 2014, which is the equivalent of a daily log." Notice [DE-75] at 1. Defendants further indicated that Plaintiff viewed the video on April 30, 2014. *Id.* However, Plaintiff contends that he was only shown 25 minutes of video (from 7:59 p.m. until 8:24 p.m.) and that three hours of video (from 5:30 p.m. until 8:30 p.m.) should have been preserved pursuant to the court's order, Pl.'s Mot. [DE-77] at 3; that Defendants produced a narrative summary in lieu of the log book, Pl.'s Resp. [DE-84] ¶ 3; and that Defendants failed to preserve and produce all pictures taken, *id.* ¶ 2. Defendants responded that, pursuant to the facility's video retention policy, the only portion of video that was downloaded and preserved at the time of the incident in March 2011 was the 25 minutes of video of the incident in question that was shown to Plaintiff. Defs.' Resp. [DE-78] at 1; Aff. of Captain Marquis Betz ("Betz Aff.") [DE-78-1] ¶¶ 4-6.

According to the sworn affidavit of Captain Marquis Betz, whose duties include downloading and retaining video of incidents occurring at the facility, the video system records over previously recorded footage approximately every two weeks and only video of reported incidents is downloaded and stored for preservation. Betz Aff. ¶¶ 2-3. Such was the case here, where only 25 minutes of video footage regarding the incident itself was retained. *Id.* ¶ 6. The incident at issue occurred in March 2011, but this case was not filed until November 2, 2012 [DE-1], and Plaintiff's motion to preserve evidence was not filed until August 8, 2013 [DE-22]. Therefore, the two and a half hours of footage prior to the incident, which Plaintiff contends will show Defendants failed to make required rounds, was taped over long before this lawsuit was ever filed. A party cannot preserve what does not exist. *See Pentair Water Pool & Spa, Inc. v. Hayward Indus., Inc.*, No. 5:11-CV-459-D, 2012 WL 6608619, at *5 (E.D.N.C. Dec. 18, 2012) ("The court will not compel production of documents that do not exist . . . ."). Furthermore, there is no indication that Defendants were on

3

notice at the time of the incident that the two and a half hours of footage prior to the incident was relevant and warranted retention. Accordingly, the motion to compel with respect to video footage is denied.

Plaintiff also filed a motion seeking discovery regarding Defendants' alleged failure to preserve and produce the full three hours of video. [DE-89]. Having concluded that Defendants have complied with their obligations to the court in this regard, Plaintiff's motion for discovery into the matter will be denied.

Next, Plaintiff contends that he did not receive all photos taken of the injury to his face, Pl.'s Resp. [DE-84] ¶ 2, and in another filing explains more specifically that he only received two photos of his face and that many more pictures of the "open wound" on Plaintiff's face were taken, Pl.'s Reply [DE-81] at 1. Defendants' counsel previously advised the court that "Plaintiff has been provided with copies of all known retained photographs taken after the incident in question (three in number) . . . ." Notice [DE-75] at 1. Again, the court notes that Plaintiff's motion to preserve evidence was filed more than two years after this incident occurred, and Plaintiff has made no showing that Defendants failed to preserve and produce all photographic evidence existing at the time of the court's order. However, Defendants are reminded of the continuing obligation to supplement discovery responses pursuant to Rule 26(e) should additional responsive material come to light. Accordingly, the motion to compel with respect to the photographs is denied.

Finally, Plaintiff contends that the shift narrative provided by Defendants is not comparable to the daily log ordered by the court to be preserved and produced to Plaintiff, because the shift narrative fails to show the signatures of officers, indicating the officers made security rounds. Pl.'s Resp. [DE-84] ¶ 3; Pl.'s Reply [DE-81] at 5-6. Defendants' counsel previously advised the court that "Plaintiff has been provided with . . . the shift narrative for 15 March 2014, which is the

4

equivalent of a daily log." Notice [DE-75] at 1. Defendants were ordered to preserve and produce "the log book for the entire day of March 15, 2011," and not a narrative summary or equivalent document. [DE-44] at 7; [DE-67] at 6. Accordingly, Plaintiff's motion to compel is allowed with respect to the log book, and no later than **July 7, 2014**, Defendants shall produce a copy of the March 15, 2011 log book to Plaintiff or explain to the court why this document cannot be produced and how the shift narrative satisfies Plaintiff's request.

Plaintiff's request for sanctions is denied where Defendants have substantially complied with the court's orders. Plaintiff's motion for hearing [DE-83] is denied where the court finds a hearing is unnecessary to decide the issues presented.

## B. Motion to Compel Defendants to Answer First Set of Interrogatories [DE-79], Motion for Sanctions [DE-82], and Motion for Court Order [DE-101]

Plaintiff contends that Defendants failed to answer interrogatories submitted on March 18, 2014, and filed with the court on March 24, 2014 [DE-57, -58]. Pl.'s Mot. to Compel [DE-79] at 1; Pl.'s Mot. for Court Order [DE-101] at 1. Plaintiff wrote to Defendants' counsel on April 16, 2014, requesting a response to the interrogatories, satisfying the requirement of Rule 37(a)(1) and Local Civil Rule 7.1(c) to confer or attempt to confer with Defendants' counsel in an effort to obtain the discovery without court action prior to filing the motion to compel. [DE-79-1]. Plaintiff asks the court to compel Defendants to respond to the interrogatories and to order Defendants to pay $500.00 to Plaintiff for reasonable expenses in obtaining an order.

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories. *See generally* Fed. R. Civ. P. 26-37. Rule 37 allows for the filing of a motion to compel where a party fails to respond to written discovery requests. Fed. R. Civ. P. 37(a)(3)(B).

5

Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc., v. Sanders*, 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Defendants have failed to respond to Plaintiff's interrogatories and failed to seek an extension of time within which to do so. Even assuming Defendants did not receive the discovery requests, the requests were filed with the court and included with the motion to compel, of which Defendants' counsel would have received electronic notice, yet Defendants still failed to respond. The court notes that Defendants previously responded to Plaintiff's document requests after the court ordered Defendants to respond to Plaintiff's motion to compel. [DE-61, -74, -76]. However, a party is not

6

limited to one form of discovery, and Defendants have failed to respond to the motion to compel or in any way seek to limit discovery pursuant to Rule 26(b)(2)(C). The court has reviewed the interrogatories and finds them to be within the permissible scope of discovery pursuant to Rule 26(b)(1). Accordingly, the court finds that Defendants have failed to comply with their discovery obligations, and Plaintiff's motion to compel is allowed. Furthermore, because Defendants did not respond to Plaintiff's discovery requests in a timely manner, any objections as to relevance or scope are waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Loftin v. Nationwide Mut. Ins. Co.*, No. 7:09-CV-118-F, 2010 WL 4117404, at *3 (E.D.N.C. Oct. 18, 2010). Notwithstanding, the court will permit the assertion of any valid privilege claim, which must be documented in accordance with the Federal Rules. Defendants shall respond to the interrogatories by no later than **July 7, 2014**.

Plaintiff's request for $500.00 in expenses is denied where Plaintiff has made no showing of costs incurred and is not entitled to attorney's fees as a *pro se* litigant. *See Watts v. Foster*, 887 F.2d 1082, 1989 WL 117807, at *1 (4th Cir. 1989) (finding no error in denial of attorney's fees because prevailing party proceeded *pro se*). It is within the court's discretion to impose sanctions, *SAS Inst. Inc. v. World Programming Ltd.*, No. 5:10-CV-25-FL, 2014 WL 1760960, at *4 (E.D.N.C. May 1, 2014), and Plaintiff's request for sanctions [DE-82] is denied at this time. However, Defendants are cautioned that further failure to comply with discovery obligations may result in sanctions pursuant to Rule 37.

Plaintiff's motion for court order [DE-101] is duplicative of the motion to compel [DE-79] and will be denied.

## CONCLUSION

For the reasons stated herein,

7

(1) Plaintiff's motion to compel and for sanctions [DE-77] is ALLOWED IN PART and DENIED IN PART;

(2) Plaintiff's motion to compel [DE-79] is ALLOWED IN PART and DENIED IN PART;

(3) Plaintiff's motion for sanctions [DE-82] is DENIED;

(4) Plaintiff's motion for hearing [DE-83] is DENIED; and

(5) Plaintiff's motions for court order [DE-89, -101] are DENIED.

SO ORDERED, this the 25th day of June 2014.

*Robert Jones Jr.*

Robert B. Jones, Jr.
United States Magistrate Judge